IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HER,

    Petitioner,                    No. CIV S-08-0195 MCE DAD P

    vs.

ROBERT A. HOREL, Warden,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                                /

          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 19, 2008, the undersigned ordered respondent to file a response to the petition. On May 1, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has filed a timely reply.

**BACKGROUND**

          On December 19, 2002, a Sacramento County Superior Court jury convicted petitioner of first-degree murder, attempted murder and shooting at an occupied motor vehicle. (Docs. Lodged by Resp't May 1, 2008, Docs. 1-2.) The jury found a number of sentencing enhancement allegations to be true. (Id., Docs. 1-2.) The trial court sentenced petitioner to an

1

indeterminate term of eighty-two years to life in state prison. (Id., Docs. 1-2.) On March 28, 2005, the Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (Id., Doc. 2.) On July 13, 2005, the California Supreme Court denied review. (Id., Docs. 3-4.)

On or about November 17, 2006, petitioner filed his first and only state habeas petition in the California Supreme Court. (Docs. Lodged by Resp't May 1, 2008, Doc. 5.) On May 23, 2007, the court denied the petition. (Id., Doc. 6.)

On January 28, 2008, petitioner filed the instant federal petition.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the ground that petitioner's habeas petition is time-barred under AEDPA. (Resp't's Mot. to Dismiss at 1.) Respondent argues that the California Supreme Court denied petitioner's petition for review on July 13, 2005, causing petitioner's judgment of conviction to become "final" on October 11, 2005, after the time for filing a petition for writ of certiorari expired. Under AEDPA, respondent argues that the one-year statute of limitations period for filing a federal habeas petition began to run the following day, on October 12, 2005, and expired on October 11, 2006. (Id. at 2-3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. (Resp't's Mot. to Dismiss at 3.) However, respondent argues that here petitioner did not file any state collateral attacks on his conviction within the one-year federal limitations period. In addition, respondent argues that petitioner is not entitled to statutory tolling while his first and only state habeas petition was pending in the California Supreme Court because he filed that petition after expiration of the statute of limitations for the filing of a federal petition. (Id.)

Respondent concludes that, because the statute of limitations commenced on October 12, 2005, and expired on October 11, 2006, petitioner's federal habeas petition filed in this court on January 28, 2008, was untimely under § 2244(d) by more than fifteen months. (Resp't's Mot. to Dismiss at 3-4.)

**PETITIONER'S OPPOSITION**

In a brief opposition, petitioner argues that he was in segregation for a period of one year and was unable to consult an attorney about his legal rights and the proper procedures for an appeal. Petitioner represents that his ability to read is somewhat limited (described as a reading level of 5.4) and, therefore, it was impossible for him to file his federal habeas petition within the one-year statute of limitations period. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2.)

**RESPONDENT'S REPLY**

In reply, respondent argues that petitioner has not met his burden of establishing an entitlement to equitable tolling. (Resp't's Reply at 2.) First, respondent argues that petitioner has not provided any documentation substantiating his claim that he was placed in administrative segregation ("ad-seg") during the relevant time period. Nor, respondent argues, has petitioner specified the precise dates that he was held in ad-seg. Respondent notes that he has obtained documentation concerning petitioner's placement in ad-seg, showing that his placement occurred before finality of direct review and commencement of the statute of limitations. Respondent also notes that petitioner was placed in ad-seg because of his participation in a riot and therefore does not have the clean hands that are a prerequisite for equitable relief. In any event, respondent argues that prison lockdowns have been rejected as an excuse for a petitioner's failure to show diligent pursuit of federal habeas claims where, as here, the petitioner makes no showing of how the alleged lockdown interfered with his ability to timely file. (Id. at 3-4; Docs. Lodged by Resp't Aug. 1, 2008, Docs. 7-8.)

Respondent also contends that, at the time of petitioner's offense, he had been steadily exposed to English for ten years in school. (Resp't's Reply at 2.) Respondent further argues that petitioner's exposure to and proficiency in the English language increased upon his incarceration. Respondent notes that prison documentation shows that petitioner is not illiterate and speaks English proficiently. Moreover, respondent contends that petitioner's aptitude to

challenge his conviction without delay is evidenced by the fact that he filed a petition for writ of habeas corpus in the California Supreme Court despite his allegedly limited reading level. (Id. at 5-6; Docs. 9-10.)

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

/////

/////

II. <u>Application of § 2244(d)(1)(A)</u>

It is undisputed that, on December 19, 2002, a Sacramento County Superior Court jury convicted petitioner of first-degree murder, attempted murder and shooting at an occupied vehicle and that petitioner was sentenced to eighty-two years to life in state prison. On March 28, 2005, the California Court of Appeal for the Third Appellate District affirmed his conviction. On July 13, 2005, the California Supreme Court denied his petition for review. For purposes of federal habeas review, petitioner's conviction became final on October 11, 2005, ninety days after the California Supreme Court's denial of his petition for review, and the AEDPA one-year statute of limitations period began to run the following day, on October 12, 2005. The statute of limitations for the filing of a federal habeas petition therefore expired on October 11, 2006. Petitioner did not file his federal habeas petition until more than fifteen months later, on or about January 28, 2008. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of statutory or equitable tolling.

III. <u>Statutory Tolling</u>

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." <u>Carey v. Saffold</u>, 536 U.S. 214, 222-24 (2002).

Petitioner did not file any state habeas petitions challenging his judgment of conviction in the year following October 12, 2005. Thus, the one-year period of limitation ran

5

without interruption from October 12, 2005, until it expired on October 11, 2006.[1]  Petitioner's federal habeas petition dated January 24, 2008, was received by the court for filing on January 28, 2008, well after the AEDPA statute of limitations had expired.  Accordingly, no statutory tolling is available and petitioner's federal petition for writ of habeas corpus is time-barred unless he is entitled to equitable tolling.

IV.  Equitable Tolling

The court has construed petitioner's brief argument regarding the timeliness of his petition as a claim of entitlement to equitable tolling.  The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  In the present case, the court finds that petitioner has failed to meet his burden of demonstrating that he is entitled to equitable tolling.

First, petitioner has not demonstrated that he pursued his rights diligently.  As noted above, he waited more than a year before filing his first and only state habeas petition challenging his judgment of conviction.  In addition, after the California Supreme Court denied his state habeas petition, petitioner waited another eight months before filing his federal habeas petition in this court.

/////

---

[1] As noted above, petitioner filed his first and only petition for writ of habeas corpus in state court on or about November 17, 2006.  By that time, however, the statute of limitations for the filing of a federal petition had expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2001) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

1          Second, petitioner has not demonstrated that some extraordinary circumstance
2   stood in his way thereby preventing him from filing his federal petition in a timely manner.  In
3   this regard, petitioner's lack of assistance or counsel is not a ground for equitable tolling.  See
4   Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal
5   sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.");
6   Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (no absolute right to appointment of
7   counsel in habeas proceedings).  Similarly, petitioner's allegation that his reading ability is
8   limited is insufficient to justify equitable tolling.  See Raspberry, 448 F.3d at 1154; see also
9   Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's
10  illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).
11  Finally, petitioner's housing assignment in administrative segregation appears to have
12  commenced and ended before the statute of limitations for the filing of a federal habeas petition
13  even began to run, and in any event, is not a viable ground for equitable tolling of the statute of
14  limitations.  See United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding
15  that the inability to secure copies of transcripts from court reporters and lockdowns at prison
16  lasting over one week and allegedly eliminating access to law library were not extraordinary
17  circumstances and did not equitably toll the one-year statute of limitations).  "Prisoners familiar
18  with the routine restrictions of prison life must take such matters into account when calculating
19  when to file a federal [habeas] petition."  Boyd v. Kramer, No. Civ. S-05-00988 ALA HC, 2008
20  WL 782766, *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, No. C 98-3188 MJJ (PR),
21  1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access
22  and transfers do not constitute extraordinary circumstances sufficient to equitably toll the
23  [AEDPA] statute of limitations.")).  Cf. Lindquist v. Idaho State Board of Corrections, 776 F.2d
24  851, 858 (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a
25  law library.").
26  /////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 1, 2008 motion to dismiss the petition as barred by the statute of limitations be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
her0195.157